Andrew B. Turk, SBN. 014912
Logan V. Elia, SBN. 025009
**ROSE LAW GROUP PC**
7144 E. Stetson Drive, Suite 300
Scottsdale, AZ 85251
Telephone: 480-505-3934
aturk@roselawgroup.com
*Attorneys for Defendants,*
*Change Lending, LLC, Ted Ray, Mario De Tomasi, Steven Sugarman,*
*Sandra Marllette Owen, Chris Fremott, and Matthew Teskey*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Potter Equities,<br><br>       Plaintiff,<br><br>   vs.<br><br>Change Lending, LLC (d/b/a Commerce Home Mortgage), Ted Ray, Mario De Tomasi, Steven Sugarman, Sandra Marllette Owen, Chris Fremott, Matthew Teskey,<br><br>      Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a)** |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendants Change Lending LLC (d/b/a Commerce Home Mortgage) ("Change Lending"), Ted Ray, Mario De Tomasi, Steven Sugarman, Sandra Marllette Owen, Chris Fremott, and Matthew Teskey hereby remove this civil action, entitled *Potter Equities v. Change Lending, LLC, et al.*, from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona. This case is removable because this Court has original subject matter jurisdiction and supplemental jurisdiction over the claims asserted by plaintiff Potter Equities under 28 U.S.C.

1

§§ 1331 and 1367 and this removal is timely under 28 U.S.C. § 1446(b).

## I.   BACKGROUND AND PROCEDURAL HISTORY

On October 28, 2021, plaintiff Potter Equities filed a complaint and jury demand (the "complaint") in the Superior Court of the State of Arizona, Maricopa County, naming as defendants Change Lending, Ted Ray, Mario De Tomasi, Steven Sugarman, Sandra Marllette Owen, Chris Fremott, and Matthew Teskey (collectively, "defendants"). (*See* Declaration of Andrew Turk ("Turk Decl.") at Ex. 1 ("Compl.").)

While the named plaintiff is Potter Equities, the complaint was filed *pro se* by D. Sidney Potter, who refers to himself throughout the complaint as the plaintiff. (*See, e.g.*, Compl. ¶¶ 2, 3, 4, 9.)  Potter was briefly employed by Change Lending as a mortgage underwriter until his termination on or around October 15, 2021. (*Id.* at ¶¶ 4, 5; 16-20.)  Potter alleges six causes of action arising out of his termination: (1) wrongful termination in violation of Arizona, California, and North Carolina public policy; (2) breach of contract; (3) age discrimination, in violation of the federal Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq.; (4) violation of the Arizona Whistleblower Act; (5)"violation of the Consumer Financial Protection Act, per Title X of the Dodd-Frank Act," 15 U.S.C. § 78a, et seq.; and (6) violation of a consent order issued by the Department of Business Oversight of the state of California.  (*Id.* at ¶¶ 23-49.)

The complaint was electronically filed with the Arizona state court on October 28, 2021 but has not yet been formally served on any defendant.  Arizona's electronic filing system, eFileAZ, caused electronic notifications of the complaint to issue to certain of the defendants named in the complaint (along with numerous unrelated individuals and entities). (Turk Decl. Ex. 1.)  On November 4, 2021, a series of summons were filed electronically, and distributed to the same list of recipients.  (*Id.* at Ex. 2 - 8.)  The summonses did not attach the complaint, nor did the electronic distribution of those summonses constitute proper service of process under

Rose Law Group pc
7144 E. Stetson Drive, Suite 300
Scottsdale, AZ 85251

1   Arizona Rules of Civil Procedure 4.1 and 4.2.  Setting aside whether or not the complaint has
2   been served, this Notice of Removal is unquestionably timely under 28 U.S.C. § 1446(b)(1)
3   because it was filed less than 30 days after defendant filed and docketed his complaint.

4   Copies of all process, pleadings, motions, and orders from the state court file are attached
5   to the Turk Decl. at Exhibits 2 through 10 as required by 28 U.S.C. § 1446(a).[1]

## II. THIS ACTION IS REMOVABLE UNDER 28 U.S.C. § 1441

7   Defendants may remove this action to federal district court under 28 U.S.C. § 1441(a)
8   because this Court has original subject matter jurisdiction for two of plaintiff's causes of action
9   under 28 U.S.C. § 1331 – federal question jurisdiction.  Federal question jurisdiction exists were
10  the complaint asserts a claim "arising under the Constitution, laws, or treaties of the United
11  States." 28 U.S.C. § 1331.  Count Three of the complaint alleges age discrimination in violation
12  of federal law, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq.
13  (Compl. ¶¶ 36-45.)  Count Five of the complaint alleges retaliation under the Consumer Financial
14  Protection Act of 2010 (commonly known as "Dodd-Frank"), 15 U.S.C. § 78a, et seq. (*Id.* at ¶
15  48.)  Relatedly, the complaint seeks punitive damages under 42 U.S.C. § 1981(a). (*Id.* at ¶ 45.)

16  Removal of this case is therefore proper under 28 U.S.C. § 1331 because the complaint
17  asserts two causes of action arising under federal law.

## III. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIMS

20  In addition to original jurisdiction over defendant's two federal claims, this Court has
21  supplemental jurisdiction over the remaining four state law claims under 28 U.S.C. § 1367(a).
22  "The supplemental jurisdiction statute applies with equal force to cases removed to federal court
23  as to cases initially filed there; a removed case is necessarily one of which the district courts . . .

---

[1] This notice of removal does not constitute a waiver of any defendant's right to service of process under applicable state and federal law. Defendants expressly reserve the right to move to dismiss the complaint for improper service and to object to the jurisdiction of the Arizona courts over non-Arizona residents.

Rose Law Group PC
7144 E. Stetson Drive, Suite 300
Scottsdale, AZ 85251

have original jurisdiction." *Sparlin v. Select Portfolio Servicing, Inc.*, No. CV 11-00240-TUC-CKJ, 2012 WL 527486, at *7 (D. Ariz. Feb. 17, 2012) (internal quotation omitted) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997)). "Once the case [i]s removed, the District Court has[s] original jurisdiction over federal-law claims and supplemental jurisdiction under § 1367(a) over the state-law claims." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 563 (2005) (internal citation omitted).

A federal court may exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they from part of the same case or controversy." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy if they derive from a common nucleus of operative fact and are so linked that the plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Sparlin*, 2012 WL 527486, at *7 (internal quotations and citation omitted). Here, all four state law claims "derive from a common nucleus of operative fact," namely, Potter's October 15, 2021, termination by Change Lending. (Compl. ¶ 5.) Specifically:

- Potter's wrongful termination claim (Count One) contends his termination violated the public policy of Arizona, California, and North Carolina insofar as Potter was allegedly terminated for whistleblowing activity and based on a fraudulent performance assessment (*Id*. at ¶ 24);

- Potter's breach of contract claim (Count Two) alleges that his termination violated the implied covenant of good faith, an implied employment agreement, and a verbal agreement (*Id*. at ¶ 32);

- Potter's Arizona Whistleblower Act claim (Count Four) appears to allege that Potter was terminated on account of statutorily protected expression (*Id*. at ¶ 46); and

- Potter's cause of action entitled "Violation of Consent Order from the Department of Business Oversight of the State of California" (Count Six) appears to allege that Potter's post-termination prospects have been harmed by Change Lending's alleged

4

failure to disclose the existence of a 2019 consent order (*Id*. at ¶ 49). All state law claims, therefore, pertain to and arise out of Potter's termination by Change Lending.   As such, Potter "would ordinarily be expected to try them all in one judicial proceeding."  *Sparlin*, 2012 WL 527486, at *7.

Where, as here, state law claims "form part of the same case or controversy" as those claims over which this Court has original jurisdiction, this Court may exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367(a).  As a result, the state law claims, too, are removable under 28 U.S.C. § 1441. *See, e.g.*, *AngioScore, Inc. v. TriReme Med. Inc.*, 87 F. Supp. 3d 986, 989-99 (N.D. Cal. 2015) (holding that it was proper to exercise supplemental jurisdiction over the state claims because "there [was] a substantial overlap of evidence between the [federal claim] and state claims and therefore a common nucleus of operative fact"); *Multivista Franchise Sys., LLC v. Weissman*, No. 2:10-CV-02039 JWS, 2020 WL 4580578, at *1 (D. Ariz. Nov. 1, 2010) (holding that federal question jurisdiction existed and denying plaintiff's motion to remand where the complaint alleged unfair competition under the Lanham Act as well as several state law claims, such as breach of contract and unfair competition under state law); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir.), *opinion amended and superseded on denial of reh'g*, 350 F.3d 916 (9th Cir. 2003)) ("If state law claims are asserted as part of the same case or controversy with a federal claim, the district court has discretion to exercise supplemental jurisdiction over the remaining state law claims" and recognizing that "[w]here removal was proper, but the [only] federal question claim is defeated on the merits, the district court nevertheless may in its discretion retain supplemental jurisdiction over the state law claims."); *Addvensky v. Dysart Unified Sch. Dist. No. 89*, No. CV 11-0283-PHX-JAT, 2011 WL 1882289, at *1 (D. Ariz. May 17, 2011) ("Defendant removed the state court action to federal court, based on the existence of federal question jurisdiction over Plaintiff's federal age discrimination claim, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.").

"As all of the claims arise from the wrongful termination, they may be considered intertwined enough not to be multiple claims." *Harris v. Superior Ct. of Arizona in for the Cty. of Maricopa*, No. CV 02-0494-PHX-SMM, 2002 WL 35646297, at *4 (D. Ariz. Dec. 26, 2002) (denying plaintiff's motion to remand because "[r]emoval was exercised pursuant to § 1441(b) based on the alleged wrongful termination . . . all of the claims arise directly from Defendants' conduct immediately prior, during and immediately after his termination, thus, the Plaintiffs' state-law claims stem from the same nucleus of facts as the federal claims."). In *Harris*, the court found "original federal jurisdiction of several claims alleged in the pleadings and supplemental jurisdiction of all remaining claims" because plaintiff asserted "a due process, equal protection, and discrimination claim arising under federal laws" and all claims arose from the same, allegedly wrongful termination. *Id.* at *5.

Thus, this court has original jurisdiction over Potter's age discrimination and retaliation claims arising under federal laws and supplemental jurisdiction under § 1367(a) over the state-law claims arising from and pertaining to the same termination by Change Lending.

## IV.   ALL OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

The remaining procedural requirements for removal have been satisfied.  First, the Notice of Removal is docketed within 30 days of the filing of plaintiff's complaint (even though the complaint has not yet been served on any defendant). It is therefore timely under 28 U.S.C. § 1446(b). Second, venue is proper in the District of Arizona because it encompasses Maricopa County, the county in which the complaint was originally filed. See 28 U.S.C. § 1441(a). Third, all defendants join in this Notice of Removal; no defendant has been served, filed an answer, or otherwise responded to the complaint in Arizona state court. Fourth, pursuant to 28 U.S.C. § 1446 and L.R. Civ. 3.6(b), attached to the Turk Declaration are copies of all process, pleadings, orders, and other documents previously filed with the state court. (*See* Turk Decl. Ex. B - J.)  This includes: (1) a true and complete copy of the complaint and jury demand filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Potter Equities v. Change*

Rose Law Group pc
7144 E. Stetson Drive, Suite 300
Scottsdale, AZ 85251

6

Rose Law Group pc
7144 E. Stetson Drive, Suite 300
Scottsdale, AZ 85251

*Lending, LLC, et al.*, Case No. CV 2021-016849 (*id.* at Ex. B); (2) a true and complete copy the certificate of arbitration filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Potter Equities v. Change Lending, LLC, et al.*, Case No. CV 2021-016849 (*id.* at Ex. C); (3) a true and complete copy of a summons to Change Lending LLC filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Potter Equities v. Change Lending, LLC, et al.*, Case No. CV 2021-016849 (*id.* at Ex D); (4) a true and complete copy of a summons to Ted Ray filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Potter Equities v. Change Lending, LLC, et al.*, Case No. CV 2021-016849 (*id.* at Ex E); (5) a true and complete copy of a summons to Mario De Tomasi filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Potter Equities v. Change Lending, LLC, et al.*, Case No. CV 2021-016849 (*id.* at Ex F); (6)a true and complete copy of a summons to Steven Sugarman filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Potter Equities v. Change Lending, LLC, et al.*, Case No. CV 2021-016849 (*id*. at Ex G); (7) a true and complete copy of a summons to (Sandra) Marllette Owen filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Potter Equities v. Change Lending, LLC, et al.*, Case No. CV 2021-016849 (*id.* at Ex H); (8) a true and complete copy of a summons to Chris Fremott filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Potter Equities v. Change Lending, LLC, et al.*, Case No. CV 2021-016849 (*id.* at Ex I); (9) a true and complete copy of a summons to Mattie Teskey filed in the state court civil action originally commenced in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled *Potter Equities v. Change Lending, LLC, et al.*, Case No. CV 2021-016849 (*id.* at Ex J).

Fifth, as required by L.R. Civ. 3.6(b), a copy of the state court docket is attached to the Turk Declaration as Exhibit A. Finally, pursuant to 28 U.S.C. § 1446(d) and L.R. Civ. 3.6(a), a copy of this Notice of Removal is being filed today with the clerk of the Superior Court for the County of Maricopa and will be served upon counsel for plaintiff.

WHEREFORE, defendants respectfully request that this action be removed from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and that all future proceedings in this matter take place in the United States District Court for the District of Arizona.

Respectfully submitted this 19th day of November 2021.

**ROSE LAW GROUP PC**

By:  */s/ Andrew B. Turk*
Andrew B. Turk
**ROSE LAW GROUP PC**
7144 E. Stetson Drive, Suite 300
Scottsdale, Arizona 85251
*Attorneys for Defendants*
*Change Lending, LLC Ted Ray, Mario De Tomasi, Steven Sugarman, Sandra Marllette Owen, Chris Fremott, and Matthew Teskey*

8